IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**DONALD RAY BROWN, #44479**                                                                           **PLAINTIFF**

**VERSUS**                                                           **CIVIL ACTION NO.  5:06cv99DCB-MTP**

**DOLAN WALLER, NICOLE BROWN**
**and THELMA LINDSEY**                                                                                  **DEFENDANTS**

MEMORANDUM OPINION

Upon consideration of the records in this action, the Court finds that an order was entered on July 21, 2006, denying the prisoner plaintiff's request to proceed in forma pauperis based on his "three strikes" pursuant to 28 U.S.C. § 1915(g).[1]  The plaintiff was ordered to pay the full filing fee of  $350.00, within thirty days.  The plaintiff was warned that his failure to timely comply with the requirements of the order would lead to the dismissal of his lawsuit.  The plaintiff failed to comply with this order.

On September 15, 2006, an order was entered directing the plaintiff to file a written response showing cause why this case should not be dismissed for his failure to comply with the Court's July 21, 2006 order.  The plaintiff was also directed to comply with the order by paying the required filing fee, within fifteen days.  The plaintiff was warned that his failure to timely comply with the requirements of the order would lead to the dismissal of his lawsuit.

On October 5, 2006, the plaintiff filed a pleading entitled "motion to show cause" [doc. 5].

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

In this pleading, the plaintiff states that he is indigent and is requesting to proceed <u>in forma pauperis</u> because he has suffered constitutional violations. As explained previously to the plaintiff, he has three qualifying dismissals under 28 U.S.C. § 1915(g). The allegations presented in his complaint and "motion to show cause" fail to overcome this bar to suit. The plaintiff has been provided ample time to pay the filing fee for this cause.

In sum, the plaintiff has failed to comply with the Court's orders of July 21, 2006 and September 15, 2006. This Court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action <u>sua sponte</u>. <u>See</u> <u>Link v. Wabash Railroad</u>, 370 U.S. 626 (1962); <u>McCullough v. Lynaugh</u>, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. <u>Link</u>, <u>supra</u>, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of plaintiff's claims, the Court's order of dismissal will be without prejudice. <u>Shaw v. Estelle</u>, 542 F.2d 954 (5th Cir. 1976).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

This the   27th   day of October, 2006.


                                                s/ David Bramlette
                                      UNITED STATES DISTRICT JUDGE